CHAMBERLAIN, *Plaintiff in Error*, v. KANSAS CITY.

Division One, December 10, 1894.

1. **Municipal Corporation:** SUPERINTENDENT OF BUILDINGS: EMPLOYMENT AS ARCHITECT: EXTRA COMPENSATION. A resolution passed by a municipal board of public works which had supervision of the superintendent of buildings to the effect that said superintendent of buildings, "shall be architect of the city hall, and shall have supervision of the construction thereto," does not constitute an independent employment of such superintendent as supervising architect authorizing a recovery by him for his services as such, in addition to his salary.

2. ———: ———: ORDINANCE. Under a city ordinance requiring the department of buildings to attend to the enforcement of all ordinances pertaining to the erection and alteration of buildings, and to such other duties as might be required by the board of public works, the superintendent of such department may be required to supervise the construction of a city hall.

*Error to Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Harkless & O'Grady* and *Griffin & Neering* for plaintiff in error.

The ordinances read in evidence give the board of public works sufficient authority to employ an architect and pay him from the city hall fund. *Mister v. City*, 18 Mo. App. 217. The appointment of appellant as architect by the board of public works, and the acceptance of such appointment on his part, constitute a contract. The defendant, having appointed appellant architect of the city hall, and having received the benefit of his skill and labor, are bound to pay for

the same, even if there had been informality in the appointment. *Fister v. La Rue*, 15 Barb. 323; *Ellsworth v. Rossiter*, 46 Kan. 238; *Hays v. Coal Co.*, 29 Ohio St. 330; *Railroad v. Howard*, 7 Wall. 392. The fact that appellant was at the time superintendent of buildings does not prevent his recovery for services performed as architect of city hall. *McGrath v. Walker*, 97 Mo. 162; *U. S. v. Brindle*, 110 U. S. 688; *Scranton v. Simpson*, 133 Pa. 202; 29 Kan. 196; *Detroit v. Redfield*, 19 Mich. 376; *Michner v. Harrison*, 116 Ind. 300; *Hawkins v. Wingfield*, 15 Pac. Rep. 139.

*F. P. Walsh* and *F. F. Rozzelle* for defendant in error.

(1)   The facts, so far as developed by the evidence in this case, are undisputed. If, upon any principle of law, when applied to these undisputed facts, the plaintiff was not entitled to recover, the judgment should be affirmed. R. S. 1889, sec. 2303. *State ex rel. v. Edwards*, 78 Mo. 473; *Miller v. Newman*, 41 Mo. 509.   (2)   It is admitted that, during all the time plaintiff was performing the service for which he now sues for compensation, he held the office of superintendent of buildings, and was paid as such a regular salary, by defendant, of $3,300 one year, and $3,000 the second year. "No officer shall hold two appointments under the city government." (Kansas City charter, art. 4, sec. 26, p. 30). (3)   The board of public works never employed plaintiff in pursuance of the ordinance approved January 29, 1890.

MACFARLANE, J.—This is a suit to recover compensation for services claimed to have been rendered defendant, as architect, in the construction of a public building known as the city hall. The petition was in

two counts, the first upon the alleged contract with the city, a breach of which was charged, the damages being laid at $14,134.   The second count was upon a *quantum meruit* for services rendered upon the alleged contract.

The answer consisted of a general denial and a special defense which was, in substance, that, at the time the alleged services were rendered, plaintiff held the office of superintendent of buildings of said city, for which he drew from defendant a regular salary, and that the services rendered were a part of his official duty as such superintent.

It appeared from the evidence that, in the year 1889, the voters of defendant city voted the issue of $500,000 in bonds, three fifths of the proceeds of which were required to be applied to the erection of a city hall.   The bonds were sold and three fifths of the proceeds was set apart and appropriated for the purpose named.

An ordinance was passed by the council of said city January 27, 1890, authorizing the board of public works to build the city hall upon the plans then "in the office of the superintendent of buildings." Plaintiff was at that time superintendent of buildings, which was the head of one of the departments of public works, known as the "department of buildings." Plaintiff's official duties, as prescribed by ordinance, will be stated in the opinion.

It was shown by the official record of the board of public works, that between June 10, 1889, and April 20, 1890, the exact date not appearing, a resolution was unanimously adopted, that "Mr. S. E. Chamberlain, superintendent of buildings, shall be architect of the new city hall and shall have supervision of the construction thereof." Under authority of this resolution alone plaintiff performed the duties of architect in the construction of the city hall until the termination of

his office of superintendent, after which he was not permitted to continue such duties.

Under this evidence the court held that there was no valid contract of employment and judgment was entered for defendant. Plaintiff brings the record to this court for review by writ of error.

I.   Plaintiff relies, for his right to recover, wholly upon the resolution adopted by the board of public works, "that S. E. Chamberlain, superintendent of buildings, shall be the architect of the new city hall, and shall have supervision of the construction thereof," and the fact that he performed the services required of such architect.

The only authority the board of public works had for the employment of an architect is found in sections 2 and 3 of an ordinance authorizing the board to construct a city hall. These sections are as follows:

"Section 2.   Said city hall shall be constructed from plans now in the office of the superintendent of buildings, or such modification of said plan as may be approved by the board of public works, and shall be constructed by contract or contracts, proposals for which shall be advertised for and contracts let in the customary manner.

"Section 3.   The board of public works are hereby authorized to employ a consulting architect, who shall be an expert, to review the plans now in its possession, and shall also employ a practical superintendent of construction for said building, and payment for said services be made from the 'city hall building fund,' as provided in said ordinance, number 100."

The ordinance contemplates a contract employing a consulting architect. His duties, when employed, are confined to a review of the plans of the building already prepared and in the possession of the board of

public works.   The board had no power beyond what was expressly given, or necessarily implied, under the ordinance.

The resolution of the board declaring that "Mr. S. E. Chamberlain, superintendent of buildings, shall be architect of the new city hall," can not be regarded as an employment authorized by this ordinance.   It can not be construed into a contract of employment.   There was no agreement between the board and the plaintiff expressed, nor can one be implied from the language used.   It is simply in form an order, or direction, of one in authority to one under its control, in respect to the duties required of him.   The resolution is not at all consistent with the idea of an employment.   It is entirely consistent with the authority said board had of directing the superintendent of buildings in the discharge of his official duty.

II.   Under the ordinances of Kansas City, we think it was within the power of the board to require the superintendent of buildings to discharge the duties of architect in the construction of the city hall.   The board of public works was divided into three departments, one of which was the department of buildings. Of this department plaintiff was superintendent.   The ordinances required this department "to attend to the enforcement of all ordinances * * * pertaining to the erection, construction, alteration, repair and removal of buildings, and the arrangement of plumbing and drainage of buildings, and such other duties as may be required of it by the board of public works."   The duty of supervising the construction of the city hall is of the same character as that pertaining to the construction of buildings which is one specially devolved upon the department of buildings.   The general provision of the ordinance authorizing the board to assign other duties to the department of buildings, would

clearly authorize it to require the superintendent, as such, to perform the duties for doing which he seeks compensation in this suit. That the board so intended, we think apparent from the resolution itself. It names him as superintendent of buildings and directs that he shall perform the duties. It makes no reference to additional compensation.

III. It is true the evidence tends to prove that plaintiff performed valuable services, which were accepted by the board. But there is no evidence that the board, during the entire period for which plaintiff acted as architect, understood that he was acting in any other capacity than that required of him under the office of superintendent.

We are also unable to see how plaintiff could have had a different understanding of it. He could not have been misled by the resolution. That he properly understood it, we think manifest from the fact that no claim for compensation was made by him until his term of office as superintendent had expired, a period extending from October, 1889, to July, 1891. It is not at all probable that plaintiff would have waited so long in making demand for a part of his compensation had he not understood that he was performing simply the duties of superintendent, for which he received a salary. This salary exceeded $3,000 per year. If the value of his services was over $6,000 per year, as he claims, independent of the official salary, it is incredible that he should have made no claim for any part of it during his official term. Under the circumstances, the city is not estopped to deny the claim now set up for the value of the accepted services.

We are of the opinion that the resolution, which is the basis of plaintiff's claim, constituted no employment independent of his official duties, and the conclusion of the trial court, that no valid contract was

proved, was correct. We are of the opinion, further, that the facts do not create an estoppel against the city. The judgment is affirmed. All concur.